UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KELLY, | Civil Action No.: 2:24-cv-06701 |
| *Plaintiff*, | |
| v. | |
| CITY OF PHILADELPHIA, *et al.*, | |
| *Defendants.* | |

## CIVIL RULE 41 NOTICE OF VOLUNTARY DISMISSAL

After conferring on a prospective Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss the Amended Complaint, Plaintiff James Kelly, by and though his undersigned counsel, the Marrone Law Firm, LLC, and Michael D. Pomerantz, Esq., hereby provides notice pursuant to Federal Rule of Civil Procedure 41 of his voluntary dismissal of all claims asserted against Defendant Detective Frank Jastrzembski. *See* FED. R. CIV. P. 41(a)(1)(A)(i). Detective Jastrzembski has not filed either an answer or a motion for summary judgment and therefore, Mr. Kelly may dismiss all claims without an order from the Court. *See In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) (citing FED. R. CIV. P. 41(a)(1)(A)(i)).

The Amended Complaint asserts six claims against Detective Jastrzembski. *See* Am. Compl., ECF 32 at 33–39. Five claims invoke the Court's original jurisdiction pursuant to the Civil Rights Act of 1871. *Id.* Mr. Kelly alleges malicious prosecution under the Fourth and Fourteenth Amendments (Count I); due process violations for evidence fabrication, withholding material evidence, and inadequate investigation (Count II); civil rights conspiracy (Count III); and failure to intervene (Count IV). *Id.* at ¶¶85–104. A single claim invokes the Court's supplemental jurisdiction and alleges malicious prosecution under Pennsylvania law (Count VI). *Id.* at ¶¶111–13. All six claims proceed from Detective Jastrzembski's alleged suppression of a statement by

eyewitness Colie Baxter in connection with the 1993 murder of Travis Hughston. *Id.* at ¶49(a). Mr. Kelly hereby provides notice of his voluntary dismissal—without prejudice—of these claims. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

In exchange, Detective Jastrzembski, by and through his undersigned counsel, hereby agrees that he will not object to being reinstated as a defendant in this action in the event that discovery reveals facts giving rise to a plausible claim against him, provided that any such claim satisfies the relation back requirements of Federal Rule of Civil Procedure 15(c) on the allegations contained in the Amended Complaint. *See, e.g.*, *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ("[O]nly where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed." (cleaned up)). Both parties agree to submit themselves to the Court's ancillary jurisdiction for purposes of enforcing this agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (federal courts retain jurisdiction to enforce a settlement if the Civil Rule 41 notice so states or includes the agreement).

Respectfully Submitted,

| **MARSHALL DENNEHEY, P.C.,** | **MARRONE LAW FIRM, LLC** |
|---|---|
| BY: /s/Joshua A. Browlie | BY: /s/Michael D. Pomerantz |
| JOSEPH J. SANTARONE, JR. | JOSEPH M. MARRONE |
| JOSHUA W. BROWNLIE | MICHAEL D. POMERANTZ |
| PA Attorney ID Nos.: 45723, 330511 | PA Attorney ID Nos.: 64920; 83415 |
| 2000 Market Street, Suite 2300 | 200 S. Broad Street, Suite 400 |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| (215) 575-2626 | (215) 732-7600 |
| *Attorneys for Defendant Detective Frank Jastrzembski* | *Attorneys for Plaintiff James Kelly* |

Date: May 2, 2025