IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KELLY, | CIVIL ACTION |
| Plaintiff, | NO. 24-cv-06701-JFM |
| v. | |
| WALTER HOFFNER, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
UNOPPOSED MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)
TO ENLARGE TIME TO SERVE DEFENDANTS SNELL, COLLINS AND DIVARINA**

Plaintiff, James Kelly, by and through his attorneys, Marrone Law Firm, LLC, moves for an enlargement of time to serve Defendants Snell, Collins, and Vivarina, incorrectly named as Divarina, pursuant to Federal Rule of Civil Procedure 4(m).  For the reasons explained below, the Plaintiff respectfully requests that the Court enter the attached proposed order and give him until July 21, 2025 to file a motion for leave to file a second amended complaint in order to substitute or remove certain defendants from the action, and then grant him twenty days after the second amended complaint is filed to serve the remaining unserved defendants.

**Procedural History**

Plaintiff filed this civil rights action on December 17, 2024, naming as defendants the City of Philadelphia, and Detectives Hoffner, Reinhold, Lubiejewski, Gross, Collins, Snell, Divarina, Mee, Jastrembski and Dougherty.  The City accepted service of the complaint and

waived service of the summons on January 7, 2025.  On February 4, 2025, the City accepted service of the complaint and waived service of the summons on behalf of Defendants Lubiejewski and Mee.  On February 5, 2025, private counsel entered an appearance on behalf of Defendant Jastrembski, and waived service of the summons on his behalf.  On March 4, 2025, the City accepted service of the complaint and waived service of the summons on behalf of Defendants Hoffner, Gross and Dougherty.  On April 4, 2025, Defendant Jastrembski filed a motion to dismiss the complaint under Rule 12(b)(6), and in response to the motion, Plaintiff filed an amended complaint on April 18, 2025.  On May 2, 2025, Plaintiff voluntarily dismissed Defendant Jastrembski from the action without prejudice.

On May 19, 2025, the Court issued an Order directing plaintiff to file proof of service of the amended complaint on all defendants by May 30, 2025, or to otherwise show cause why any non-served defendant should not be dismissed.  (DI 38).  The Order also directed all served defendants to respond to the amended complaint by June 20, 2025.  On May 30, 2025, Plaintiff's counsel notified the court about the status of service on the defendants.  (DI 39).  In this filing, Plaintiff stated that the City had advised him that Defendants Collins and Snell are deceased, and that Plaintiff was investigating whether these defendants have active estates.  Additionally, the City was still investigating the whereabouts of Defendants Reinhold and Divarina.  Plaintiff asked the Court for an additional two weeks to try to locate the unserved defendants.  On June 2, 2025, this Court granted Plaintiff's request for additional time to effectuate service, and ordered plaintiff to complete service on all unserved defendants and file proof of service; dismiss the unserved defendants; and/or move for appropriate relief by June 20, 2025.  (DI 40).

Since the time that the Court issued the June 2, 2025 Order, the following progress has been made with respect to service of the unserved defendants:

2

(1) Counsel for the City have entered their appearance on behalf of Defendants Hoffner, Lubiejewski, Gross, Mee, Dougherty and Reinhold;

(2) The City has accepted service of the amended complaint and waived service of the summons on behalf of Defendant Reinhold (DI 48);

(3) Counsel for the City has informed Plaintiff's counsel that within one week from today they are likely to accept service of the amended complaint on behalf of Defendant Vivarina, who was incorrectly named as Defendant Divarina.

(4) Plaintiff has confirmed that Defendant Snell has an active estate, located in Montgomery County, PA.  However, the current personal representative of the Estate, John Della Rocca, needs to be substituted with a different Administrator, Michael Fenerty.  Mr. Fenerty has stated that he will need approximately thirty days to perfect the substitution with the Montgomery County Register of Wills.  *See* Letter from Michael Fenerty dated June 17, 2025, attached as Exhibit "A."

Thus, the only defendants who are not yet served are Defendants Divarina, Snell and Collins.  As noted above, Plaintiff anticipates that within one week, the City will accept service of the amended complaint on behalf of Defendant Vivarina, who was incorrectly named as Defendant Divarina.[1]  Plaintiff also expects the proper representative of the Estate of Defendant Snell to be in place by July 21, 2025.  Finally, Plaintiff does not expect to find an active estate of Defendant Collins, making it likely that he will dismiss this defendant from the action.

---

[1] In fact, counsel for the City and the six individual defendants has represented to the undersigned that they expect to be able to file one motion to dismiss on behalf of all seven defendants on June 27, 2025.

3

**Discussion**

Under Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The decision whether to grant an extension of time for service involves a two-pronged inquiry.  *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 115 (3d Cir. 2009) (citing *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)).  First, the district court must determine whether good cause exists for the failure to have effected service in a timely manner.  *Id.*  Typically, courts consider three factors to determine whether good cause exists: (1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve.  *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).  The Third Circuit has also equated "good cause" with the concept of "excusable neglect," which requires a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  *MCI Telecomms. Corp.*, 71 F.3d at 1097 (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).  If good cause exists, Rule 4(m) provides that the district court must grant the extension for service.  *Beautyman*, 829 F. App'x at 584.

However, even in the absence of a showing of good cause, the district court still may grant an extension of time for service in the sound exercise of its discretion.  *See MCI*

*Telecomms. Corp.*, 71 F.3d at 1098; *Chiang*, 331 Fed. App'x at 115.  When deciding whether to grant a discretionary extension for service, "[a] district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant" to the issue.  *Chiang*, 331 Fed. App'x at 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759)).

The Plaintiff submits that he has demonstrated that good cause exists to grant him an extension of time for service.  First, as set forth above, Plaintiff has explained the efforts he has taken to locate the defendants and to identify the existence of active estates of the deceased defendants.  Second, there is no evidence that any unserved defendant has been prejudiced by not being served earlier.  The case is still in its initial stages, where none of the defendants have yet filed a response to the amended complaint.  Third, in filing this motion, the Plaintiff is moving for an enlargement of time to serve the remaining unserved defendants.

**Relief Requested**

Once the current personal representative of the Estate is substituted with the proper Administrator, and the City accepts service on behalf of Defendant Vivarina, the Plaintiff plans to seek leave to amend the complaint to substitute the proper names for these defendants.  Accordingly, the Plaintiff requests that the Court give him until July 21, 2025 to file a motion for leave to file a second amended complaint in order to substitute or remove certain defendants from this action.  He then requests that the Court grant him twenty days after the second amended complaint is filed to serve the remaining unserved defendants.

**Conclusion**

For the reasons set forth above, Plaintiff James Kelly respectfully requests that the Court grant Plaintiff's unopposed motion for an enlargement of time to serve Defendants Snell, Collins, and Vivarina, incorrectly named as Divarina, and find that that he has demonstrated that good cause exists to grant him an extension of time for service. The Plaintiff further requests that the Court allow Plaintiff until July 21, 2025 to file a motion for leave to file a second amended complaint in order to substitute or remove certain defendants from the action, and grant him twenty days after the second amended complaint is filed to serve the remaining unserved defendants.

Date: June 20, 2025                                                       Respectfully submitted,

                                                                           MARRONE LAW FIRM

                                  By:    /s/Michael D. Pomerantz
                                          Michael D. Pomerantz, Esquire
                                          Pa. Attorney ID No. 83415
                                          Peggy B. Greenfeld
                                          Pa. Attorney ID No. 73377
                                          200 South Broad, Ste. 610
                                          Philadelphia, PA. 19102
                                          (215) 732-6700 – Phone
                                          (215) 732-7660 – Fax
                                          mpomerantz@marronelaw.com
                                          pgreenfeld@marronelaw.com

                                          Counsel for Plaintiff