IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KELLY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WALTER HOFFNER, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 24-cv-06701-JFM |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

　　　　Plaintiff, James Kelly, by and through his attorneys, Marrone Law Firm, LLC, respectfully moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Second Amended Complaint.[1]  In furtherance of the motion, Plaintiff states as follows:

　　　　1.　　Plaintiff filed this civil rights action on December 17, 2024, naming as defendants the City of Philadelphia, and Detectives Hoffner, Reinhold, Lubiejewski, Gross, Collins, Snell, Divarina, Mee, Jastrembski and Dougherty.

　　　　2.　　By March 28, 2025, Plaintiff had filed proof of service on Defendant City of Philadelphia, and Defendant Detectives Hoffner, Lubiejewski, Gross, Mee, Jastrembski and Dougherty.

　　　　3.　　By that time, the City had informed Plaintiff that defendants Snell and Collins were deceased; it had no record of a Detective Divarina; and it had not been able to track down Detective Reinhold.

　　　　4.　　On April 4, 2025, Defendant Jastrembski filed a Rule 12(b)(6) motion to dismiss the complaint (DI 29), and in response to the motion, Plaintiff filed an amended complaint on

---

[1] A proposed Second Amended Complaint is attached hereto.

April 18, 2025. (DI 32). On May 2, 2025, Plaintiff voluntarily dismissed Defendant Jastrembski from the action without prejudice. (DI 35).

5. On June 18, 2025, Plaintiff filed proof of service on Defendant Reinhold. Around the same time, Plaintiff discovered that he had misspelled Detective Divarina's name – it should have been spelled "Vivarina" – and counsel for the City indicated that it would accept service on behalf of Detective Vivarina once the complaint was amended to reflect his correct name.

6. Between May 19 and June 23, 2025, the Court issued several Orders directing plaintiff to file proof of service of the amended complaint on defendants, and Plaintiff requested several extensions of time to serve remaining unserved defendants. *See* DI 38, 39, 40, 56, 58.

7. In its Order dated June 23, 2025, the Court granted Plaintiff's motion for an enlargement of time to serve the remaining unserved Defendants, Snell, Collins, and Divarina. The Court ordered Plaintiff to file his motion for leave to amend the complaint by July 21, 2025 in order to substitute or remove certain defendants, and to complete service on any unserved defendants within twenty days of the filing of the amended complaint. (DI 58).

8. On July 21, 2025, Plaintiff filed a motion requesting a thirty-day extension of the deadlines set forth in the June 23, 2025 Order, where he asked permission to file a motion for leave to amend the complaint by August 20, 2025 in order to substitute the correct names for defendants Snell, Collins and Vivarina, and to serve these defendants within 20 days of the filing of the amended complaint. (DI 63).[2]

---

[2] The reasons for the request for extension were as follows: Regarding serving Detective Snell, the appointment of the Administrator of Detective Snell's estate was delayed by an additional three weeks by the Register of Wills. Regarding serving Detective Collins, whom the City had informed Plaintiff was deceased, Plaintiff discovered additional information about the detective that tended to show that he was not deceased. Accordingly, Plaintiff supplied Danielle Walsh, the Chief Deputy City Solicitor for the City of Philadelphia, with this new information, and on June 17, 2025, she stated she would research whether there was a living detective named Collins. However, in early July, when Plaintiff's counsel

9. On July 22, 2025, the Court granted in part and denied in part Plaintiff's motion, and ordered Plaintiff to serve all unserved defendants by August 20, 2025. (DI 64).

10. On August 12, 2025, the appointment of Michael P. Fenerty as the Administrator of Detective Snell's estate was finalized.

11. Plaintiff conducted additional investigation into whether Detective Collins is living or deceased, and as a result, learned his first name (James), believes he is living, and found his likely current address. On or about August 8, 2025, Plaintiff mailed Detective Collins an amended complaint and waiver of service forms, and is awaiting his return of the service forms. Consequently, Plaintiff does not need to amend the complaint with respect to Defendant Collins.

12. Accordingly, in order to effectuate service on the Estate of Detective Snell and on Detective Vivarina, and to prevent confusion about several other defendants who were listed without their first names, Plaintiff seeks leave to file a Second Amended Complaint with the following limited changes:[3]

   a. Substitute Defendant "Snell" with "Michael P. Fenerty in his capacity as Administrator of the Estate of Robert A. Snell" in the caption and in paragraph 14 of the proposed Second Amended Complaint;

   b. Substitute Defendant "Divarina" with "Steven Vivarina" in the caption and in paragraph 16 of the proposed Second Amended Complaint;

   c. Insert first names for Defendants Reinhold, Gross, Collins, Mee, and Dougherty in both the caption and in paragraphs 11, 13, 14, 17, and 19 of the proposed Second Amended Complaint;

   d. Correct the spelling of Detective Mee's name in paragraph 27, which was incorrectly spelled "Mae;" and

---

sought to follow up with Ms. Walsh to see if she had learned any new information about Detective Collins, an automated out-of-office message indicated that she was out of the office until July 21, 2025.

[3] A redline version showing the proposed changes to the Amended Complaint is attached to this motion.

  e. Remove "Detective Jastrzembski" from the caption, as he has been voluntarily dismissed without prejudice.

13. Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). A request to amend "must generally be granted unless equitable considerations render it otherwise unjust"; such considerations include "undue delay, bad faith, and futility." *Id.* at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

14. Plaintiff's requested changes to the amended complaint are sought only for the purpose of aiding Plaintiff in serving the remaining unserved defendants. None of the requested changes alter the substantive factual or legal claims in the complaint. Nor are they sought to promote undue delay or in bad faith.

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion and allow him to file a Second Amended Complaint.

            Respectfully submitted,

            MARRONE LAW FIRM

        By: /s/Peggy B. Greenfeld
            Pa. Attorney ID No. 73377
            Michael D. Pomerantz, Esquire
            Pa. Attorney ID No. 83415
            200 South Broad, Ste. 610
            Philadelphia, PA. 19102
            (215) 732-6700 – Phone
            (215) 732-7660 – Fax
            pgreenfeld@marronelaw.com
            mpomerantz@marronelaw.com

            Counsel for Plaintiff

Date: August 13, 2025