**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES KELLY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:24-cv-06701-JFM |
| | : Jury Trial Demanded |
| THE CITY OF PHILADELPHIA, | : |
| DETECTIVE WALTER HOFFNER, | : |
| DETECTIVE REINHOLD, DETECTIVE | : |
| LEON LUBIEJEWSKI, DETECTIVE | : |
| GROSS, DETECTIVE J. COLLINS, | : |
| DETECTIVE SNELL, DETECTIVE | : |
| DIVARINA, DETECTIVE MEE, | : |
| DETECTIVE JASTREMBSKI, and | : |
| DETECTIVE DOUGHERTY, in their | |
| individual capacities, | |
| | |
| Defendants. | |

**MOTION FOR DETECTIVE COLLINS TO JOIN CERTAIN**
**DEFENDANTS' PENDING MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT WITHOUT ADDING ANY SUBSTANTIVE ARGUMENTS**

Defendant J. Collins hereby moves to join certain defendants' pending motion to dismiss Plaintiff's complaint. In support of his motion, Detective Collins states as follows:

1.     On June 27, 2025, defendants the City of Philadelphia and Detectives Hoffner, Gross, Lubijewski, Mee, Dougherty, Vivarina and Reinhold filed a joint motion to dismiss all claims against them in Plaintiff's operative complaint (the "Motion"). (*See* dkt. 60.)

2.     That motion is fully briefed, (*see* dkts. 60-1, 65-1 and 69) and is set for oral argument on October 2, 2025.

3.     Detective Collins was served with a copy of the complaint and summons after that motion to dismiss was fully briefed and set for oral argument.

4.      Several of the arguments raised in the Motion address, and apply equally to, all claims against Detective Collins.

5.      Specifically, Detective Collins is only alleged to have taken the statement of witness Ernestine Williams, on March 21, 1993, along with co-defendant Detective Reinhold. (*See* dkt. 32 (Pl.'s Am. Compl.), ¶ 30.) In the Motion, Detective Reinhold already argued that Williams allegedly said nothing in that interview that implicated Plaintiff, meaning that interview does not support any of the claims Plaintiff raises against Reinhold (be it a fabrication of evidence or a *Brady* claim). (*See* Mot. to Dismiss (dkt. 60-1), p.8; *see also* Defs' Reply Br., (dkt. 69), pp.2-4.)

6.      This fully-briefed argument applies equally to Detective Collins.

7.      Additionally, the moving Defendants argued that Plaintiff's claims regarding the withholding of evidence unrelated to Williams' statements categorically does not support any claims against them, mainly because it is the District Attorney's Office that is alleged to have purportedly withheld evidence. (*See* Mot. to Dismiss (dkt. 60-1), pp.10-15; *see also* Defs' Reply Br., (dkt. 69), pp.7-8.)

8.      This fully-briefed argument also applies equally to Detective Collins.

9.      Plaintiff has already responded to these arguments (*see* dkt. 65-1), and the moving defendants have already replied to Plaintiff's response (*see* dkt. 69). Hence, Collins has nothing to add. Collins also believes Plaintiff needn't file any further briefing given Collins is merely joining the current playing field instead of adding anything to it.

10.      Accordingly, the most efficient way forward is for Detective Collins to simply join the arguments already made in the pending Motion to the extent they apply to him as noted above. No further briefing should be necessary, and the currently-scheduled October 2, 2025, oral argument can proceed on time.

WHEREFORE, Detective Collins hereby requests an order permitting him to join the pending Motion to Dismiss filed as docket number 60, and to adopt the arguments in that motion's accompanying memorandum of law (dkt. 60-1) and reply brief (dkt. 69), without the need for any further briefing by any party.

Respectfully submitted,

By:    */s/ Brian Wilson*
Shneur Z. Nathan
Avi T. Kamionski
Brian Wilson
Nathan & Kamionski LLP
206 S. Jefferson St.
Chicago, IL 60661
(312) 957-6649
bwilson@nklawllp.com
*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that he caused the forgoing **MOTION FOR DETECTIVE COLLINS TO JOIN CERTAIN DEFENDANTS' PENDING MOTON TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT ADDING ANY SUBSTANTIVE ARGUMENTS** to be served upon all parties having appeared in this suit by directing said documents to be filed on the Court's ECF system on September 17, 2025.

By:    _/s/ Brian Wilson_

Nathan & Kamionski LLP
206 S. Jefferson St.
Chicago, IL 60661
(312) 957-6649
bwilson@nklawllp.com
_Attorneys for Defendants_