IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES KELLY,** | : |
| Plaintiff, | : |
| v. | : Case No: 2:24-cv-06701-JFM |
| **THE CITY OF PHILADELPHIA, et al.** | : |
| Defendants. | : |

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

It appearing that discovery in the above-captioned action, *James Kelly v. City of Philadelphia, et al.*, 24-cv-06701 (hereinafter, the "Litigation") is likely to involve the disclosure of confidential information between the parties and a non-party, the Philadelphia District Attorney's Office ("DAO"), and, whereas the DAO objects to disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured, consistent with its state law obligations to keep confidential and prevent unauthorized disclosure of certain criminal investigative records pursuant to the Pennsylvania Criminal History Records Information Act, 18 Pa. C.S. § 9101, *et seq.*, and its substantial interest as a law-enforcement agency in maintaining the confidentiality of its records, it is **ORDERED** as follows:

1. Any party to this Litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information, (b) that contains information received in confidence from third parties, (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or (d) that is necessary to protect law-enforcement interests or other sensitive information. Any party to this Litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this Litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains: highly sensitive personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the designating party; criminal investigative materials; materials which are subject to protection by state or federal law; or any

1

information which is deemed to be security-sensitive or public-safety-sensitive, the disclosure of which would present a credible risk of harm. Any party to this Litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this Litigation; shall not be used by the receiving party or their counsel for any business, personal or other purpose (including other litigation); and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties and, where applicable, the non-party, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties and, where applicable, the non-party, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in this Litigation) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

    c. Secretarial paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential after being advised of the confidential nature of the material and/or upon signing the non-disclosure agreement attached as Exhibit A or such other form as may be agreed upon by the parties. The deponent may not retain a copy of any confidential material provided during the deposition to the deponent pursuant to the provisions of this paragraph and must return any/all confidential material to counsel immediately at the conclusion of the deposition;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial

       and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; and

    g.  The parties. In the case of parties that are corporations or other organizational entities, "party" shall mean executives who are required to participate in decisions with reference to this Litigation or are persons necessary for the prosecution or defense of this Litigation.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

    a.  Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in this Litigation) and relevant in-house counsel for the parties;

    b.  In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

    c.  Outside experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

    d.  Secretarial paralegal, clerical, duplicating and data processing personnel of the foregoing;

    e.  The Court and court personnel;

    f.  Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it; the witness is/was employed by the party who produced the information, document or thing; the producing party consents to such disclosure; and, after being advised of the confidential nature of the material and/or upon signing the non-disclosure agreement attached as Exhibit A or such other form as may be agreed upon by the parties. The deponent may not retain a copy of any confidential material provided during the deposition to the deponent pursuant to the provisions of this paragraph and must return any/all confidential material to counsel immediately at the conclusion of the deposition. For purposes of this agreement, current or former employees of the DAO will be considered employees of the Defendants.

    g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; and

    h. To such other persons as counsel for the producing party agrees or as ordered by the Court.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys Eyes' Only material and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material or both during the deposition or within fourteen (14) days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. If a deposition involves material designated by a non-party as Confidential or Attorneys' Eyes Only, and such non-party does not attend the deposition, counsel for the deposing party shall provide notice to the designating non-party within fourteen (14) days thereafter and shall provide a copy of the deposition transcript to the non-party. The non-party may have until thirty (30) days after receipt of the deposition transcript to designate such material and inform all parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a) (b) (c) (d) and (f) or Paragraph 6 for Attorneys' Eyes Only material during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel

4

for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court consistent with the Court's Policies and Procedures. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal in accordance with Local Civil Rules 5.1.2(6) and 5.1.5.

11. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

12. Data Breach. If a party learns that material that party received in discovery pursuant to this Protective Order has been the subject of a data breach, that party must promptly notify the producing party of the breach and cooperate with that party to address the breach.

13. The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Protective Order.

14. The production of any information, document, or thing in this Litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations

the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

15. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Protective Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Protective Order.

17. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. The Court reserves its inherent power to modify the terms of Protective Order and permit the disclosure of information where the interest of justice so requires.

19. Subject to paragraph 20 below, this Protective Order shall survive the termination of this Litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material: provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

20. Should a case governed by this Order proceed to trial, the parties to this Agreement, and any designating non-parties, such as the DAO, shall meet and confer regarding the treatment and designation of Confidential and/or Attorneys' Eyes Only material prior to presenting a final trial exhibit list to the Court. If, after meeting and conferring, the parties are unable to reach an agreement regarding the designation and treatment of such material, the matter shall be timely brought to the attention of the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Keir Bradford-Grey | /s/ Jami L. Galbraith |
| Joseph M. Marrone, Michael D. Pomerantz | Jami L. Galbraith, Shneur Z. Nathan |
| Keir Bradford-Grey, Peggy B. Greenfeld | Avi T. Kamionski, Natalie Y. Adeeyo |
| Marrone Law Firm, LLC | Brian Wilson, Kimberly R. Mann |
| 200 South Broad Street, Suite 610 | Nathan & Kamionski LLP |
| Philadelphia, PA 19102 | 575 South Charles Street, Suite 402 |
| (215) 732-6700 | Baltimore, MD 21201 |
| jmarrone@marronelaw.com | (410) 630-4493 |
| mpomerantz@marronelaw.com | jgalbraith@nklawllp.com |
| kbgrey@marronelaw.com | snathan@nklawllp.com |
| pgreenfeld@marronelaw.com | akaminoski@nklawllp.com |
| | nadeeyo@nklawllp.com |
| *Attorneys for Plaintiff* | bwilson@nklawllp.com |
| | kmann@nklawllp.com |
| | *Attorneys for the City of Philadelphia, Walter Hoffner, Leon Lubiejewski, Reinhold, Michael Gross, Arthur Mee, Steven Vivrina, James Dougherty* |

| | |
|---|---|
| *[signature]* | /s/ *Shea Skinner* |
| Joseph J. Santarone, Jr. | Shea Skinner |
| Joshua W. Brownlie | Assistant District Attorney |
| Marshall Dennehey, P.C. | Supervisor, Civil Litigation Unit |
| 2000 Market Street, Suite 2300 | Philadelphia District Attorney's Office |
| Philadelphia, PA 19103 | 3 South Penn Square |
| (215) 575-2626 | Philadelphia, PA 19107 |
| (215) 575-2816 | (215) 686-9948 |
| jjsantarone@mdwcg.com | Thomas.Gaeta@phila.gov |
| jwbrownlie@mdwcg.com | Shea.Skinner@phila.gov |
| | |
| ***Attorneys for Defendant Frank Jastrembski*** | ***Attorney for Philadelphia District Attorney's Office*** |

8

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES KELLY,** : | |
| Plaintiff, : | **Case No: 2:24-cv-06701-JFM** |
| v. : | |
| **THE CITY OF PHILADELPHIA, et al.** : | |
| Defendants. : | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   Name: _____