JAMES KELLY,
    Plaintiff,

  v.

CITY OF PHILADELPHIA, *et al.*,
    Defendants.

CIVIL ACTION

No. 24-cv-06701-JFM

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
## COLIE BAXTER'S GOVERNMENT FILE FOR CASE NO. 2:99-CR-00446-MAK

Plaintiff James Kelly, by and through his attorneys, Marrone Law Firm, LLC, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), respectfully moves this Honorable Court to enter an Order for the United States Attorney's Office to produce the entire contents of the criminal and prosecution file pertaining to Colie Baxter for Docket Number 2:99-CR-00446-MAK-3 (*United States v. Richardson*), within five (5) days of this Court's entry, and in support thereof represents:

### INTRODUCTION

1. One of the central theories of liability in this action is that Philadelphia Police Department detectives (PPD) knowingly used informants and cooperating individuals—kept deliberately "off the books"—to manufacture probable cause and trial testimony in order to close a homicide case arising from drug-related violence.

2. Plaintiff initiated this action by Complaint on December 17, 2024, arising from his 2024 exoneration after serving 29 years in state prison for a crime he did not commit—the murder of Travis "Bud" Hughston—based on the unexpected, first-time eyewitness identifications by Colie Baxter at Plaintiff's criminal trial. ECF No. 1. Baxter's testimony was critical to the conviction, despite significant inconsistencies and the lack of corroborating evidence.

3. Plaintiff filed a second Amended Complaint on April 18, 2025, and a third Amended Complaint on December 23, 2025. ECF Nos. 32 and 106, respectively.

4. Prior to filing the third Amended Complaint, it came to light that exculpatory evidence pointing to an alternative suspect—Tommy Lockwood—was suppressed by PPD and the prosecution. This information is relevant because Plaintiff has a reasonable belief through witness interviews that Baxter was selling drugs in that neighborhood and with Lockwood in the 1990s.

5. Plaintiff recently discovered that, at Docket Number 2:99-CR-00446-MAK-3, Baxter was not only charged with possession, distribution, and conspiracy to distribute cocaine-based drugs and firearm offenses, but also that all of his charged were dropped by the Government on January 5, 2000. *See* ECF No. 101 at Docket No. 2:99-CR-00446-MAK.

6. Based on the above, Plaintiff reasonably believes that Baxter's documented involvement with law enforcement in a separate 1999 matter is not an isolated occurrence, but instead provides critical context for evaluating his earlier role in the underlying 1993 investigation and subsequent prosecution. This later instance of cooperation tends to support the inference that Baxter's interactions with police were part of a broader pattern, rather than a singular or coincidental event.

7. Viewed in this light, Baxter's conduct in the present case warrants closer scrutiny, particularly as it relates to issues of bias, credibility, and potential motivation to assist law enforcement. Against this backdrop, Plaintiff has a good-faith belief that Baxter had a prior history of working with law enforcement, which is directly relevant to issues in this case.

**1993 HOMICIDE**

8. At the time of the 1993 shooting, Baxter claimed that he happened to be present in the immediate vicinity of the incident by coincidence, an area that PPD itself consistently characterized as involving ongoing drug turf wars.

9. Baxter states that he heard gunshots while he was randomly driving in the area, which prompted him to pull over to investigate where the gunshots were coming from.

10. While stopped on Diamond Street, Baxter stated that immediately after the shooting, he observed two men running from the scene down the little street, which has been indicated as Banbury Street, through an alley between Banbury and Glenwood Streets, and entering a white vehicle parked on Glenwood Street, which then drove past him on Diamond Street.

11. Given the geographical landscape of that area, it would be reasonably impossible for Baxter to see this entire exchange from Diamond Street.

12. Despite this alleged proximity and purported eyewitness account, Baxter also states that he participated in assisting with placing the decedent into a hearse, further embedding himself in the immediate aftermath of the homicide.

13. Notably, for approximately ten months following the incident, law enforcement did not request that Baxter identify any individuals connected to the homicide.

14. After this substantial delay, law enforcement approached Baxter and requested that he identify the individuals he allegedly observed; at that time, Baxter did not identify Plaintiff.

15. It was not until trial in 1995 that Baxter—for the first time—identified Plaintiff as one of the individuals he claimed to have seen.

16. The evolution of Baxter's account—particularly the delayed identification and its emergence for the first time at trial—raises substantial concerns regarding reliability, influence, and possible external motivation to help police efforts to solve state homicide cases.

17. Baxter's conduct and involvement do not reflect that of a disinterested bystander, but rather suggest the possibility of coordinated or incentivized participation with law enforcement.

18. These credibility concerns are not merely speculative—they underscore the critical importance of obtaining documentary evidence that would confirm or refute the existence of any inducements, understandings, or prior cooperative relationship between Baxter and law enforcement.

19. To that end, Plaintiff sought the entire contents of the criminal and prosecution file pertaining to Baxter's case reference in Paragraph 5 above, as the requested information is directly relevant to the instant civil rights action.

20. More specifically, Plaintiff believes that this information from Baxter's 1999 case will demonstrate a longstanding relationship between Baxter and the government that relates back to Plaintiff's case four years prior, in 1995.

### TOUHY REQUEST PROCESS

21. On September 29, 2025, Plaintiff sent a subpoena to the United States Attorney's Office for the Eastern District of Pennsylvania (USAO), seeking the entire contents of the criminal file and prosecution file pertaining to Mr. Baxter. A copy of this subpoena is attached as Exhibit "A".

22. On October 1, 2025, Assistant United States Attorney Judith A.K. Amorosa emailed Counsel for Plaintiff, stating that the subpoena was inoperative and asked that a *Touhy* Request[1] be submitted for our requested records pursuant to the Department of Justice's regulations.

23. On October 7, 2025, Plaintiff emailed the *Touhy* Request Letter, and asked for a response within twenty days, or by October 27, 2025. A copy of the *Touhy* Request Letter is attached as Exhibit "B".

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

4

24. On October 20, 2025, AUSA Amorosa acknowledged receipt, informed Plaintiff that any responsive records would be located offsite, and request a one-month extension to provide a response before or by November 27, 2025.

25. On November 11, 2025, Plaintiff inquired about the possibility of expedited review or partial production before November 27, 2025, due to the necessity of the materiality of the requested documents for several case deadlines in the instant matter that were quickly approaching. Specifically, the requested information was material to preparation of Plaintiff's Third Amended Complaint. However, Plaintiff received no response from USAO.

26. On December 1, 2025, after receiving no response, Plaintiff emailed asking about the status of the *Touhy* Request given the urgency of upcoming deadlines, and requested expedited compliance in any manner.

27. On December 2, 2025, Plaintiff left a voicemail for AUSA Amorosa and sent a follow-up email after not receiving a response to the email sent the day before.

28. On December 2, 2025, AUSA Amorosa responded that they had no response at the moment due to internal issues, and questioned the urgency of our request because the above docket did not have an operative scheduling order.

29. On December 2, 2025, Plaintiff replied that the requested information was needed for an amended complaint that this Court granted leave for filing on October 2, 2025, and alerted USAO of the urgency because then 60 days had lapsed by that time.

30. On December 3, 2025, Plaintiff sent a follow-up email asking for information to assist with drafting his pleading.

31. On December 3, 2025, AUSA Susan Becker responded that a criminal division ASUA would be assigned to review the documents responsive to our *Touhy* Request. AUSA Becker informed us that two (2) to three (3) boxes were retrieved from archives to be reviewed.

32. On December 9, 2025, Plaintiff sent a follow-up email regarding the pending assignment, which AUSA Becker responded that a follow up would occur the next day.

33. On December 11, 2025, AUSA Becker informed Plaintiff that ASUA Bea Witzleben from criminal division was in the process of reviewing the documents and she would coordinate her response to our *Touhy* Request through AUSA Amorosa.

34. On December 11, 2025, Plaintiff responded that our amended complaint needed to be filed the following week, but Plaintiff still had no clarity on the requested information for the filing. Plaintiff specifically asked what information regarding Baxter's criminal activity was contained in the file because Plaintiff was running out of time.

35. USAO responded that a response would be provided likely by the following Monday, December 15, 2025.

36. On December 15, 2025, USAO provided a Response Letter to Plaintiff, stating that no responsive records were located based on their view of the relationship between Plaintiff's theory of this case and Baxter's relevance. A copy of this letter is attached as Exhibit "C".

37. On December 18, 2025, Plaintiff provided a *Touhy* Request Addendum, requesting USAO to reconsider its decision to deny access based on, among other things, the relevance of the requested materials. A copy of this letter is attached as Exhibit "D". Plaintiff further followed up by email and requested a call to discuss and address any of their concerns.

38. On December 18, 2025, AUSA Amorosa responded that the letter addendum was being internally review, and Plaintiff would receive a response as soon as possible.

39. On December 23, 2025, after receiving no response from the USAO, Plaintiff filed a Third Amended Complaint without the information requested in the *Touhy* Request Letter.

40. On January 21, 2026, Plaintiff emailed USAO for a status after receiving no responses over the past month and reiterated the urgency. No response was provided.

41. On February 13, 2026, Plaintiff called and left a voicemail for AUSA Amorosa, and sent a follow up email afterwards to ask about the status of the letter addendum.

42. On February 17, 2026, AUSA Amorosa responded that a response would be provided that week.

43. On February 17, 2026, Plaintiff replied and placed USAO on notice that an appropriate motion would be filed with the Court if the requested materials were not produced.

44. On February 20, 2026, USAO provided a Response to the Letter Addendum, stating that a more detailed letter would be provided the following week, and enclosed a document providing one page of information regarding the USAO's dismissal of Baxter's indictment.

45. On February 20, 2026, Plaintiff responded and requested an opportunity to review the materials relied upon by USAO in reaching their decision, especially in light of the fact that Baxter was deceased.

46. On February 26, 2026, ASUA Amorosa replied that an explanatory letter was drafted but awaiting supervisory approval before disclosing it to Plaintiff; however, ASUA Amorosa stated clearly that no additional documents would be released.

47. On February 26, 2026, Plaintiff responded that a motion will be filed with the Court for access to the requested documents.

48. On March 5, 2026, USAO provided a Supplemental Response Letter, objecting to disclosure based on relevance and speculation, and considered the *Touhy* Request satisfied. A copy of this letter is attached as Exhibit "E".

49. On March 5, 2026, Plaintiff responded by email to USAO's basis on their objections and provided substantive reasons, and reiterated to USAO that a motion will be filed. This motion follows.

**ARGUMENT**

50. Plaintiff respectfully requests this Honorable Court to enter an Order for the USOA to produce the entire contents of the criminal and prosecution file pertaining to Colie Baxter for Docket Number 2:99-CR-00446-MAK-3 (*United States v. Richardson*), within five (5) days of this Court's entry.

51. A party seeking compliance with its subpoena may file such motions to compel in "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i).

52. Plaintiff has fully exhausted administrative remedies by submitting a *Touhy* Request, a follow-up addendum, repeated communications with the USAO which ultimately refused production on grounds of relevance and speculation, and notified USAO that the instant motion would be filed.

53. The requested file is directly relevant and material to the Plaintiff's claims. Baxter's testimony was critical to Plaintiff's conviction, and the credibility, motivation, and undisclosed relationship between law enforcement and Baxter are central to Plaintiff's claims and theory of the case. Baxter's potential history of cooperation with police provides a clear and compelling motive to align his testimony with prosecutorial objectives.

54. Plaintiff has established that Baxter was: (a) known to PPD to be involved in narcotics trafficking; (b) cooperating with law enforcement; (c) shielded from investigation or prosecution in exchange for assistance; and (d) used as a key witness despite known credibility concerns.

55. It is neither typical nor reasonable to assume that law enforcement would rely upon an individual with no prior connection or history of cooperation for such critical identification testimony without some preexisting relationship or understanding.

56. Baxter's 1999 federal prosecution is likely to provide retrospective insight into his earlier relationship with law enforcement, including his potential informant status, selective or deferred prosecution, the dismissal of federal charges, and pattern-and-practice evidence.

57. These materials constitute undisclosed informant status, cooperation agreements, or law-enforcement favoritism under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.

58. Plaintiff therefore seeks narrowly tailored materials reflecting:

    a.   Baxter's cooperation history;

    b.   communications between federal authorities and PPD;

    c.   any proffers, debriefings, or cooperation-related considerations; and

    d.   the reasons for dismissal of federal charges.

59. Access is necessary not because of the later indictment itself, but because access may reveal a longstanding, undisclosed relationship with law enforcement bearing directly on Baxter's role and motive. Denial would shield the type of misconduct actionable under 42 U.S.C. § 1983.

60. Accordingly, Baxter's prosecution file is likely to contain material evidence relating to bias, motive, credibility, and any agreements, benefits, or understandings with law enforcement— all of which are squarely discoverable and essential to Plaintiff's claims.

61. Moreover, Baxter's death further diminishes privacy and safety concerns, strengthening the case for disclosure. There is no indication that disclosure would interfere with ongoing proceedings or reveal confidential sources whose identity remains sensitive.

62.  The balance of interests weighs in favor of production, particularly given the centrality of Baxter's credibility to the wrongful conviction claim.

63. Since the USAO's letter indicates objections based on its position (1) that the file is irrelevant, (2) that disclosure would invade privacy or reveal law enforcement techniques, or (3) that the request is speculative—the Court should reject these arguments because:

    a.  the file is reasonably calculated to lead to admissible evidence;

    b.  the file is directly relevant to the credibility and potential incentives of a key witness in a wrongful conviction case;

    c.  privacy and safety concerns are minimal given Baxter's death; and

    d.  Plaintiff has exhausted all administrative remedies and is entitled to judicial review under the Federal Rules of Civil Procedure.

64. Counsel for Defendants have indicated their desire to review the requested file as well, before proceeding with litigation.

65. As a result of the USAO's continuing objection to disclosure, Plaintiff cannot obtain the Baxter file without this Court's intervention. See attached Certification.

66. In the alternative, if the Court is not inclined to grant complete disclosure, the Court may address any residual concerns through in camera review and redact any privileged or sensitive material, as expressly contemplated by statute and case law. This approach protects legitimate government interests while ensuring the Plaintiff's right to relevant discovery.

**CONCLUSION**

67. As such, Plaintiff respectfully submits that the requested five (5) day expedited production response time is necessary to allow time for Plaintiff's review of the file, prepare any necessary pleadings, schedule any deposition(s), and confer with Counsel for Defendants regarding any resulting matters that may arise from the file review.

**WHEREFORE**, for the foregoing reasons, Plaintiff James Kelly, respectfully requests that this Honorable Court grant this Motion to Compel, and enter an Order for the United States Attorney's Office to produce the entire contents of the criminal and prosecution file pertaining to Colie Baxter for Docket Number 2:99-CR-00446-MAK-3 (*United States v. Richardson*), within five (5) days of the execution date of the attached proposed order.

Respectfully submitted,

MARRONE LAW FIRM, LLC

By:   /s/ *Keir Bradford-Grey*

Joseph M. Marrone
Keir Bradford-Grey
Michael D. Pomerantz
Emily B. Barkann
200 South Broad Street, Suite 610
Philadelphia, PA 19102
(215) 732-6700
PA Attorney ID No. 87054
kbgrey@marronelaw.com

Date: March 19, 2026          Attorneys for Plaintiff

<u>**MEET-AND-CONFER CERTIFICATION**</u>

I hereby certify that Counsel for Plaintiff in good faith conferred on several occasions with the United States Attorney's Office to make disclosure or discovery in an effort to obtain the requested relief, and Counsel for Defendants are aware that, after reasonable efforts with the United States Attorney's Office, resolution of the dispute cannot occur without court action, pursuant to L. Civ. R. 26.1(f) and The Honorable John F. Murphy's Policies and Procedures 7.

Respectfully submitted,

MARRONE LAW FIRM, LLC

By: /s/ *Keir Bradford-Grey*

Joseph M. Marrone
Keir Bradford-Grey
Michael D. Pomerantz
Emily B. Barkann
200 South Broad Street, Suite 610
Philadelphia, PA 19102
(215) 732-6700
PA Attorney ID No. 87054
kbgrey@marronelaw.com

Date: March 19, 2026     Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES KELLY,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>　　　　Defendants. | CIVIL ACTION<br><br>No. 24-cv-06701-JFM |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Motion to Compel Production of Colie Baxter's Government File for Case No. 2:99-CR-00446-MAK was filed via the Court's electronic filing system and is now available for downloading. Additional service was made via email upon the following:

Judith A.K. Amorosa
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106
Judith.Amorosa@usdoj.gov

Respectfully submitted,

MARRONE LAW FIRM, LLC

By:＿＿＿ /s/ *Keir Bradford-Grey*＿＿＿＿
　　　Joseph M. Marrone
　　　Keir Bradford-Grey
　　　Michael D. Pomerantz
　　　Emily B. Barkann
　　　200 South Broad Street, Suite 610
　　　Philadelphia, PA  19102
　　　(215) 732-6700
　　　PA Attorney ID No. 87054
　　　kbgrey@marronelaw.com
Date: March 19, 2026　　　Attorneys for Plaintiff

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES KELLY,<br> Plaintiff, | |
| v. | CIVIL ACTION<br><br>No. 24-cv-06701-JFM |
| CITY OF PHILADELPHIA, *et al.*,<br> Defendants. | |

**ORDER**

**AND NOW**, this _____ day of _____, 2026, it is **ORDERED** that Defendants and others interesetd shall file a response to Plaintiff's Motion to Compel Production of Colie Baxter's Government File for Case No. 2:99-CR-00446-MAK (ECF No. 124), by _____, **2026**.

BY THE COURT:

_____
John F. Murphy, J.

JAMES KELLY,
        Plaintiff,

    v.

CITY OF PHILADELPHIA, *et al*.,
        Defendants.

CIVIL ACTION

No. 24-cv-06701-JFM

## ORDER

**AND NOW**, this _____ day of _____ 2026, upon consideration of Plaintiff's Motion to Compel Production of Colie Baxter's Government File for Case No. 2:99-CR-00446-MAK (ECF No. 124), and any Response in Opposition thereto, it is **ORDERED** that the Motion is **GRANTED**.

The United States Attorney's Office for the Eastern District of Pennsylvania shall produce the entire contents of the criminal and prosecution file pertaining to Colie Baxter for Docket Number 2:99-CR-00446-MAK-3 (*United States v. Richardson*), to Counsel for Plaintiff within five (5) days of the date of this Order.

BY THE COURT:

_____
John F. Murphy, J.