# Exhibit D

# MARRONE
## LAW FIRM, LLC

Joseph M. Marrone, Esquire | Christopher M. Marrone, Esquire | Michael D. Pomerantz, Esquire | Joshua R. Galván , Esquire | Keir Bradford-Grey, Esquire | Peggy B. Greenfeld, Esquire

Admitted in PA, NJ & NY    Admitted in PA & NJ    Admitted in PA & NJ    Admitted in PA & NJ    Admitted in PA    Admitted in PA
                (Of Counsel)

December 18, 2025

*Via e-Mail*: *Susan.Becker@usdoj.gov*
Susan Becker, Esquire
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

      **RE:**     **Addendum to the Touhy Request for Records – Collie Baxter (Material Witness in Commonwealth v. James Kelly)**

Dear Counsel,

I write to respectfully ask that you reconsider your decision to deny access to review information and records related to the federal prosecution of Collie Baxter are irrelevant to the pending civil rights action arising from the wrongful conviction of my client. For the reasons set forth below, the requested materials are directly relevant, and this letter can serve as a more narrowly tailored understanding of what we are looking for. We believe this information is essential to evaluating misconduct central to our 42 U.S.C. § 1983 claims against the City of Philadelphia and individual Philadelphia Police Department ("PPD") officers and the reason why we ask the court for one final leave to amend our complaint.

## I. Background and Nature of the Underlying Case

My client was wrongfully convicted based on a police-constructed narrative that relied heavily on two purported eyewitnesses: (1) an off-the-record drug-addicted informant, and (2) Collie Baxter, whose testimony was presented to the jury as that of an innocent, disinterested bystander. One of the central theories of liability in the § 1983 action is that PPD detectives knowingly used informants and cooperating individuals—kept deliberately "off the books"—to manufacture probable cause and trial testimony in order to close a homicide case arising from drug-related violence.

The homicide at issue occurred in an area and during a period that PPD itself consistently characterized as involving ongoing drug turf wars. Numerous witnesses interviewed during post-conviction investigation stated that Collie Baxter was not an uninvolved passerby, but was instead associated with the drug dealers responsible for the homicide. The police nonetheless advanced Baxter as a neutral eyewitness who allegedly observed fleeing suspects and later identified my client for the first time at trial—approximately two and a half years after the homicide.

## II. Relevance of Collie Baxter's Relationship With Law Enforcement

The credibility, motivation, and undisclosed relationship between law enforcement and Collie Baxter are central issues in this litigation and a theme to be advanced in our final amendment. Our theory is not limited to whether Baxter committed crimes in 1999, but whether—*at the time he acted as a material witness*—he was:

- Known by PPD to be involved in narcotics trafficking;
- Providing information or cooperation to law enforcement;
- Shielded from investigation or prosecution in exchange for assistance; and
- **Used as a narrative witness despite known credibility concerns.**

Evidence that a witness was an informant, cooperating individual, or otherwise protected by law enforcement constitutes classic impeachment material and is directly relevant to claims of Brady violations, fabrication of evidence, and due process misconduct. The failure to disclose such information to defense counsel or prosecution at the time of trial is a core constitutional violation.

## III. Why the 1999 Federal Indictment Is Probative

Although Mr. Baxter testified in my client's case in the mid-1990s and was federally indicted in 1999, the temporal sequence does not render the federal file irrelevant. To the contrary, the 1999 prosecution may provide critical retrospective insight into Baxter's earlier status and history with law enforcement.

Specifically:

1. Prior Law Enforcement Knowledge – Federal charging materials, investigative reports, or cooperation agreements may reflect that Baxter's drug trafficking activities predated 1999 and were known to law enforcement well before his testimony in my client's case.
2. Informant or Cooperating Status – The file may contain references to Baxter's cooperation, debriefings, proffers, or historical assistance to PPD or federal agencies, which would corroborate the theory that he was an off-the-record informant when he testified.
3. Selective or Deferred Prosecution – Baxter's relative absence from state-level drug prosecutions prior to 1999, despite credible evidence of his involvement in narcotics activity, strongly suggests protection or accommodation by local law enforcement. Federal records may explain that gap.
4. Dismissal of Federal Charges – The fact that Baxter's federal case was dismissed while his co-defendants were convicted is itself highly probative. Such an outcome raises legitimate questions about whether Baxter received favorable treatment due to cooperation, past assistance, or ongoing value to law enforcement—issues that bear directly on motive, bias, and credibility.

5. Pattern-and-Practice Evidence – The Guardian Civic League litigation exposed longstanding PPD practices of directing officers to conceal informant identities and keep cooperating witnesses off the record to avoid disclosure to defense counsel. The Baxter file may provide concrete evidence that this practice was applied in my client's case.

## IV. Legal Relevance to the § 1983 Claims

Our request is tied to well-established constitutional principles. Undisclosed informant status, cooperation agreements, or law-enforcement favoritism are material under *Brady v. Maryland*, *Giglio v. United States*, and their progeny. In a wrongful conviction case, post-conviction discovery aimed at uncovering suppressed impeachment evidence is not only relevant but essential.

The fact that Baxter's federal indictment post-dated his testimony does not negate the relevance of evidence bearing on his *prior relationship* with law enforcement. Courts routinely recognize that later-discovered evidence may illuminate earlier misconduct, motive, or credibility—particularly where, as here, the claim involves a systemic practice of concealment.

## V. Narrow Scope of the Request

We are not seeking wholesale disclosure for collateral purposes. Rather, we seek limited access to materials reasonably likely to reflect:

- Baxter's cooperation history;
- Communications between federal authorities and PPD regarding Baxter;
- Any proffers, debriefings, or cooperation-related considerations;
- Reasons for the dismissal of federal charges against him.

Such information goes directly to whether Baxter testified under false pretenses as a neutral eyewitness, whether police knowingly presented unreliable testimony, and whether exculpatory and impeachment evidence was suppressed. It is important to note that Mr. Collie Baxter is now deceased therefore cannot be questioned or asked about this information.

## VI. Conclusion

In sum, review of Collie Baxter's federal case file is relevant not because of the mere fact of a later indictment, but because it may expose a longstanding, undisclosed relationship with law enforcement that explains his role as a material witness and his motivation to steer the investigation away from the true perpetrators. Denying access to this information would insulate precisely the type of misconduct that § 1983 is designed to remedy.

We respectfully request reconsideration of your office's stance and are willing to discuss reasonable limitations or protective measures to address any confidentiality concerns. Please direct all further communications through counsel.

Respectfully submitted,

/s/ *Keir Bradford-Grey*

Keir Bradford-Grey
Head of Civil Rights

KBG/oie
cc:    Judith A.K. Amorosa, Esquire (Judith.Amorosa@usdoj.gov)
       Mardella Suarez, Esquire (Mardella.Suarez@usdoj.gov)
       Brendan Novak, Esquire (Brendan.Novak@usdoj.gov)