

Exhibit E


*Judith A. Amorosa, AUSA*
*Direct Dial: (267) 535-9115*
*Facsimile: (215) 861- 8618*
*E-mail Address:  Judith.Amorosa@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

March 5, 2026

***Via Email***
Keir Bradford-Grey
Head of Civil Rights Litigation
Marrone Law Firm
Suite 610B
200 S. Broad Street
Philadelphia, PA 19102
Ph. 215-732-6700
Kbgrey@marronelaw.com

   **Re:  Touhy request re: Collie Baxter**

Dear Ms. Bradford-Grey:

   This letter responds to the addendum to your *Touhy* request dated December 18, 2025. I incorporate by reference our prior response dated December 15, 2025, to your Touhy request dated October 25, 2025, in which you request "the entire contents of the criminal and prosecution file pertaining to Colie Baxter for Docket Number 2:99-cr-00446-MAK-3 (*United States v. Richardson*)." We have reviewed your request pursuant to the Department of Justice's *Touhy* regulations, codified at 28 C.F.R. Part 16.

   First, we reiterate our position that the files you seek concerning Collie Baxter are not and cannot be relevant to Mr. Kelly's currently pending case because the government's files post-date Mr. Baxter's 1996 trial testimony identifying Mr. Kelly as the killer in his homicide trial in Philadelphia Commonwealth court. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (quashing as overbroad third-party subpoena to Texas Attorney General seeking "any and all communications and/or documents related to . . . investigation of [requestor]" because "the relevance of and . . . need for the . . . entire litigation file is not apparent"). Second, your request is based on mere speculation, specifically that Mr. Baxter received favorable treatment from the U.S. Attorney's Office when federal charges against him were dismissed years after his 1996 testimony inculpating Mr. Kelly.

   Notwithstanding our objections, in the interest of providing documents that may be helpful to your understanding of the government's dismissal of federal charges against Mr. Baxter, we are enclosing the "Supplement" to the United States' Motion to Dismiss Defendant Collie Baxter.

   The Supplement appears to have been served on counsel on January 6, 2000. It does not

appear that the Supplement was filed under seal. As such, it is within our discretion to release this document to you, notwithstanding and without waiver of our objections.

As far as the remaining files in the Richardson prosecution file concerning Mr. Baxter, we will not produce them because: (1) they are irrelevant as previously stated, (2) your request is based on unsupported speculation, and (3) their production is prohibited under the Department of Justice ("DOJ")'s Touhy regulations.

In considering whether to make a disclosure pursuant to a Touhy request, we must consider whether disclosure is appropriate under the rules governing the case in which the request arose. 28 C.F.R. § 16.26(a)(a)(1). As set forth herein and in our prior letter, the documents you seek are irrelevant to Mr. Kelly's wrongful conviction claim because they post-date the operative 1996 "surprise" testimony by Mr. Baxter. Further, the notion that federal charges were dismissed against Mr. Baxter as a "reward" for his 1996 Philadelphia Commonwealth court testimony against Mr. Kelly is wholly unsupported speculation. *See Harris v. McDonald*, 2022 U.S. Dist. LEXIS 151495, *10 (M.D. Pa. Aug. 23, 2022) (denying Touhy request for DOJ criminal files as irrelevant where request was premised upon speculation).

Further, the DOJ's Touhy regulations prohibit disclosure where the disclosure would violate the grand jury secrecy rule, Fed. R. Crim. P. 6(e), disclosure would reveal a confidential source or informant (unless the agency and the source or informant has no objection), and disclosure would reveal investigatory records compiled for law enforcement purposes, and would disclose investigative techniques and procedures the effectiveness of which would thereby be impaired. *See* 28 C.F.R. § 16.26.

In addition to our objections based on relevance and speculation, DOJ's Touhy regulations also prohibit us from making disclosure of the contents of the Richardson file as pertains to Mr. Baxter as far as the files may contain grant jury information, confidential informant information, and information protected by the law enforcement privilege. *See Harris v. McDonald*, 2022 U.S. Dist. LEXIS 151495, *10 (M.D. Pa. Aug. 23, 2022) (Touhy request appropriately denied where DOJ based its denial on the applicable Touhy regulations concerning confidential informant and investigative techniques).

With this production, we consider your Touhy request satisfied. Please let us know if you have anything further for our attention. Other than the production of the Supplement, the documents you have requested are not authorized by the Department of Justice. Should you wish to provide additional information and request reconsideration of this decision, you may do so. Otherwise, this letter constitutes a final decision of this office and can be reviewed only under the standards set forth in *Davis Enterprises v. United States EPA*, 877 F.2d 1181 (3d Cir. 1989).

Sincerely,

/s/ Judith A.K. Amorosa
JUDITH A.K. AMOROSA
Assistant United States Attorney