# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Kelly<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PHILADELPHIA, DETECTIVE WALTER HOFFNER, DETECTIVE REINHOLD, DETECTIVE LEON LUBIEJEWSKI, DETECTIVE GROSS, DETECTIVE J. COLLINS, DETECTIVE SNELL, DETECTIVE DIVARINA, DETECTIVE MEE, DETECTIVE JASTREMBSKI, and DETECTIVE DOUGHERTY, in their individual capacities,<br><br>Defendants. | : Civil Action No. 2:24-cv-06701-JFM<br>: Jury Trial Demanded |

**DEFENDANT WALTER HOFFNER'S**
**<u>FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

**<u>Instructions</u>**

1. If you are asked to provide a date but do not know the exact date, please provide your best estimate.

2. If you have filed an amended complaint since being served with these interrogatories, any reference herein to a portion of your current Third Amended Complaint should be treated as a reference to the same or similar portion(s) of your later complaint if any overlap remains.

**<u>Definitions and Instructions</u>**

1. The term "communication" means the exchange of information between two or more persons, whether orally, in writing, or by any other means. This includes, but is not limited to, letters, memos, emails, texts, notes, correspondence, recordings, instant messaging, or the like.

2. The term "document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements, contracts, letters, telegrams, memoranda, reports, records, instructions, notes, notebooks, scrapbooks, diaries, plans, drawings, sketches, telephone or other documented conversations or communications, recordings, transcripts of telephone conversations, receipts, phone mail, electronic mail, tape or disc recordings, and computer printouts. The term includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

3. The term "identify" means to state:

a. in the case of a person, his or her name, last known address, telephone number, email address, and social media handles;

b. in the case of a communication, its date, type, place where it occurred, identity of the person who made the communication, the identity of the person who received the communication, and the subject matters discussed; and

c. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, and the date of preparation.

4. "Defendant Officers" refers to Walter Hoffner, Richard Reinhold, Leon Lubiejewski, Michael Gross, John Collins, Robert Snell, Steven Vivarina, and Arthur Mee.

5. The term "Person" may be any natural person, corporation, company, partnership, joint venture, first, association, proprietorship, agency, board, authority, commission, office or other business entity or legal entity.

6. "Plaintiff" refers to James Kelly, as well as his counsel and any consultants, experts, investigators, representatives, agents or other persons acting on his behalf.

7. If any information is withheld under the claim of privilege, please list any such document or communication with respect to which you claim a privilege, identifying the source, the nature of the information withheld, the grounds of the claimed privilege, and each person to whom the information, or any part thereof, has been disclosed in a separate privilege log.

8. For any record or document responsive or relating to these interrogatories which is known to have been lost or destroyed, identify each such document by author, recipient, date, number of pages, and subject matter, and explain in detail the events leading to the destruction or loss.

**Interrogatories**

1. Identify each instance in which you met or communicated with Ernestine Williams from the initiation of this lawsuit, December 17, 2024, to present. For each instance, please state:

a. The date or approximate date of the meeting or communication;

b. The substance of the meeting or communication;

c. Whether the communication was verbal, and if so, whether the verbal communication was in person, via telephone, or via other electronic means;

d. Whether the communication was in writing, and if so, the form of the written communication (*e.g.*, letter, e-mail, text message);

e. Any document(s) shown or provided to Ernestine Williams; and

f. Any discussion related to developing or drafting an affidavit.

**ANSWER:**

2. With respect to any meeting or communication with Ernestine Williams:

a. Was the meeting or communication recorded by any means (audio, video, or otherwise)?

b. Were any notes, memoranda, or summaries prepared during or after the meeting or communication?

c. If so, identify the person who prepared such notes, memoranda, or summaries.

d. Were any photographs taken during the meeting or communication?

**ANSWER:**

3. During any meeting or communication with Ernestine Williams, did you or anyone acting on your behalf discuss, reference, or ask Ms. Williams about:

a. Her identification of James Kelly from a photo array;

b. Her trial testimony;

c. Her statements to the police; or

d. Any statement, declaration, or testimony she has provided or may provide in connection with the current civil action?

**ANSWER:**

4. During any meeting or communication with Ernestine Williams, did you or anyone acting on your behalf show or provide Ms. Williams with documents? For each document, identify:

a. The substance and contents of the document;

b. Date of the document;

c. Initial recipient of the document;

d. The bates number of each document; and

e. Provide a copy of the document.

**ANSWER:**

5. During any meeting or communication with Ernestine Williams, did you or anyone acting on Plaintiff James Kelly's behalf suggest to Ms. Williams that she was coerced by police or told what to say by police when she provided statements in the Travis Hughston murder investigation and/or when she provided trial testimony in the case against James Kelly?

**ANSWER:**

6. During any meeting or communication with Ernestine Williams, did you or anyone acting on Plaintiff James Kelly's behalf ask Ms. Williams to recant or modify her initial statements to police or her trial testimony implicating James Kelly in the murder of Travis Hughston?

**ANSWER:**

7. During any meeting or communication with Ernestine Williams, did you or anyone acting on your behalf:

a. Offer, promise, or provide any benefit, compensation, payment, or other consideration of any kind to Ms. Williams;

b. Threaten, intimidate, or suggest any adverse consequence to Ms. Williams if she refused to cooperate or alter her account;

c. Suggest, recommend, or request that Ms. Williams change, alter, retract, recant, or modify any prior statement she has given – whether to police, to defense investigators, in court testimony, or to attorneys in this matter;

d. Ask or suggest that Ms. Williams sign any document, including but not limited to an affidavit, declaration, or statement; and/or

e. Prepare, draft, or present to Ms. Williams any purported affidavit, declaration, or written statement for her review or signature?

**ANSWER:**

8. With respect to the presence of Linda Edwards (or any family member, friend, associate, or acquaintance of Plaintiff James Kelly) at any meeting or communication with Ernestine Williams:

a. Identify who was present, including any attorneys, investigators, paralegals, interns, or any other party present;

b. State the purpose of each person's presence;

c. State whether Ms. Edwards or any other person communicated directly with Ernestine Williams, and if so, the substance of that communication;

d. State whether Ms. Edwards', or any other person's, presence was disclosed to Ernestine Williams, and if so, the substance of that communication; and

e. State whether Ms. Edwards, or any other person, showed or provided any documents to Ms. Williams.

**ANSWER:**

9. From the initiation of this lawsuit to present, have you or anyone acting on your behalf met with, communicated with, or attempted to meet or communicate with any other witness identified in or relevant to this civil action for the purpose of discussing their anticipated testimony? If so, identify each such witness and:

a. Identify the date and time of the meeting or communication;

b. The substance of the communication;

c. Whether the communication was verbal, and if so, whether the verbal communication was in person, via telephone, or via other electronic means;

d. Whether the communication was in writing, and if so, the form of the written communication (*e.g.*, letter, e-mail, text message);

e. Any document(s) shown or provided to the witness; and

f. Any discussion related to developing or drafting an affidavit.

**ANSWER:**

10. Have you ever been arrested by police, other than in relation to the Travis Hughston murder referenced in your Complaint? If so, please state (i) the date of arrest, (ii) the location where you were arrested, (iii) whether the arrest resulted in any criminal charges against you, (iv) whether the arrest resulted in any criminal conviction, and (v) the court and case number of any resulting criminal case.

**ANSWER:**

11. Describe every piece of evidence that you believe was fabricated (i) to inculpate you in the Travis Hughston murder, and/or (ii) for which you are bringing a claim in this case, and

for each piece of evidence:

a. Identify who fabricated it;

b. State every fact you are aware of that supports your belief the piece of evidence was fabricated; and

c. State every fact you are aware of that supports your belief that the individual(s) identified in your answer to subpart a. above fabricated the piece of evidence.

**ANSWER:**

12. Describe every piece of evidence that you believe was withheld or suppressed (i) regarding the Travis Hughston murder (ii) and/or for which you are bringing a claim in this case, and for each piece of evidence:

a. Identify who suppressed or withheld it;

b. Identify the date(s) and means by which you learned of the evidence;

c. State every fact you are aware of that supports your belief the evidence was withheld or suppressed; and,

d. State every fact you are aware of that supports your belief that the individual(s) identified in your answer to subpart a. above withheld or suppressed the piece of evidence.

**ANSWER:**

13. Other than Ernestine Williams (who is the subject of interrogatory 1 above), please identify the date(s) and participants, and describe the substance of every communication you have had since January 1, 1993, with:

a. Any purported witness of Travis Hughston's murder;

b. Any witness who testified during your criminal trial for the Travis Hughston

murder; and,

c. Anyone who provided a written statement, affidavit or declaration in support of any of your Post-Conviction Proceedings.

**ANSWER:**

14. Please state whether you have sold or otherwise encumbered any portion or all your rights or interests in the claims asserted in the current lawsuit to any third-party. If your answer is anything other than an unqualified "no," please identify all terms of such transaction, including, without limitation:

a. The portion of your rights or interests that were sold or encumbered;

b. The amount of money or compensation that you received; and

c. The third-party(ies) involved, including any expected recipient(s) of any money you might obtain from the current lawsuit (either through settlement, judgment or otherwise).

**ANSWER:**

15. Identify each and every incident during your imprisonment for the murder of Travis Hughston that you claim caused you physical pain. For each incident, state:

a. The date of the incident;

b. The names, known phone number(s) and known address(es) of any witnesses to the incident;

c. The nature and extent of the physical pain you experienced;

d. Any medical treatment you received as a result of the incident;

e. Any documentation or records related to the incident; and

f. Whether any complaints were made regarding these incidents, and if so, describe

the response.

**ANSWER:**

16. Identify each and every incident during your imprisonment for the murder of Travis Hughston that you claim caused you mental or emotional distress. For each incident, state:

a. The date of the incident;

b. The location of the incident;

c. A detailed description of the incident;

d. The names, known phone number(s) and known address(es) of any witnesses to the incident;

e. The nature and extent of the mental or emotional distress you experienced;

f. Any medical or psychological treatment you received as a result of the incident; and

g. Whether any complaints were made regarding these incidents, and if so, describe the response.

**ANSWER:**

17. Please describe how your incarceration affected your economic situation upon release (if at all), including whether your incarceration affected your employment, housing, or financial stability.

**ANSWER:**

18. Other than your attorneys, identify everyone you spoke to on the phone during your incarceration about the murder of Travis Hughston or your prosecution for that murder, and for each such person, list the phone number they used during your incarceration.

**ANSWER:**

19. Did you or anyone acting on your behalf ever, either directly or indirectly, pay or offer to pay money, provide anything of value, and/or provide any other consideration to any witness in connection with this civil case, your underlying criminal case, or any proceeding of any kind related to your underlying criminal case? If your answer is anything other than an unqualified "no," state with specificity each and every such witness along with the circumstances that require you to qualify your answer.

**ANSWER:**

20. Identify all healthcare providers, including mental health professionals, who have treated you for any physical pain or mental and emotional distress since your release from prison. For each provider, provide:

a. The name and contact information of the provider;

b. The dates of treatment;

c. The nature of the treatment provided;

d. Any diagnoses made by the provider; and

e. Any documentation or records from the provider.

Respectfully submitted,

By: */s/ Brian Wilson*
Brian Wilson
Avi T. Kamionski
Jami L. Galbraith
Natalie Adeeyo
Kimberly Mann
Nathan & Kamionski LLP
206 S. Jefferson St.
Chicago, IL 60661
(312) 957-6649
bwilson@nklawllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, I served a copy of the foregoing document upon all parties of record, ***via electronic mail*** on:

Joseph M. Marrone
jmarrone@marronelaw.com

Michael D. Pomerantz
mpomerantz@marronelaw.com

Keir Bradford-Grey
kbgrey@marronelaw.com

Peggy B. Greenfeld
pgreenfeld@marronelaw.com

Emily B. Barkann
ebarkann@marronelaw.com

*/s/ Jami L. Galbraith*
Jami L. Galbraith