# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Kelly<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PHILADELPHIA, DETECTIVE WALTER HOFFNER, DETECTIVE REINHOLD, DETECTIVE LEON LUBIEJEWSKI, DETECTIVE GROSS, DETECTIVE J. COLLINS, DETECTIVE SNELL, DETECTIVE DIVARINA, DETECTIVE MEE, DETECTIVE JASTREMBSKI, and DETECTIVE DOUGHERTY, in their individual capacities,<br><br>Defendants. | : Civil Action No. 2:24-cv-06701-JFM<br>: Jury Trial Demanded |

**DEFENDANT THE CITY OF PHILADELPHIA'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Instructions**

1. If you have filed an amended complaint since being served with these requests, any reference herein to a portion of your current Third Amended Complaint should be treated as a reference to the same or similar portion(s) of your later complaint if any overlap remains.

**Definitions and Instructions**

Defendant hereby incorporates herein the "Definitions and Instructions" from Defendant Walter Hoffner's First Set of Interrogatories to Plaintiff James Kelly. In addition, Defendant sets forth the following instructions:

1. Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intend to produce copies of documents or of electronically stored information ("ESI") instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld based on that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information in accordance with Fed. R. Civ. P. 26(b)(5). For ESI, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably

accessible because of undue burden or cost, please disclose, promptly and with particularity, the facts on which you rely to support that contention.

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that this Request will not solicit any material which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced that is protected either by the attorney/client privilege or by the work product doctrine. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

7. "Complaint" refers to your currently operative Third Amended Complaint filed in this action.

8. "You" refers to James Kelly and any agent performing any act on his behalf, including his attorneys.

**Requests for Production**

1. All written witness statements, declarations or affidavits relating to the events alleged in your Complaint.

2. Any pleadings, deposition transcripts, court transcripts, orders or court filings from any criminal case against you other than for the murder of Travis Hughston.

3. All documents relating to or reflecting each and every instance from January 1, 1993, to present in which you requested assistance regarding your criminal prosecution for the murder of Travis Hughston or any post-conviction proceedings (other than from an attorney), or offered any compensation, reward, gift, or other inducement to anyone (other than from an attorney) in exchange for such assistance.

4. All documents relating to or reflecting each instance in which anyone requested your assistance or offered you any compensation, reward, gift, or other inducement in exchange for your cooperation or assistance with any criminal or civil accusation, investigation, compliant or lawsuit against them.

5. Any documents referring to, reflecting or indicating communications since January 1, 1993, between you and Ernestine Williams or Colie Baxter.

6. Any written communications you sent or received while you were incarcerated for the murder of Travis Hughston.

7. All documents that support or refute your allegation that evidence was fabricated to inculpate you for the murder of Travis Hughston.

8. All documents that support or refute your allegation that exculpatory or impeachment evidence was withheld from you regarding your prosecution(s) for the murder of Travis Hughston.

9. The “additional suppressed materials” and “files” referenced in paragraph 50 of your Complaint.

10. All documents that support or refute your allegations in paragraph 83 of your Complaint.

11. All documents that support or refute your allegations in paragraph 84 of your Complaint.

12. All documents that you believe indicate that you are innocent of the murder of Travis Hughston.

13. All documents obtained from third-parties, including via subpoena, Public Information Act, or Freedom of Information Requests, regarding this lawsuit, any of the named defendants, Ernestine Williams, Colie Baxter, Travis Hughston, or your criminal prosecution(s) and conviction(s) for the murder of Travis Hughston.

14. Any documents indicating or regarding medical treatment you have sought or received since January 1, 1993, for any physical, mental or emotional condition for which you are seeking damages in this case.

15. Documents relating to any Rule 26 expert witnesses retained by the you in this case, including: (a) communications with any expert that are not exempt from disclosure under Rule 26; (b) documents provided to and relied upon by any expert; (c) all expert notes; (d) all bills or statements of hours worked by and compensation paid to any expert witness; (e) transcripts of any expert's prior testimony; and (f) Rule 26 reports from other lawsuits submitted by any expert retained by Defendants in this case.

16. Any document or thing you may use at trial solely for purposes of impeaching a witness.

Respectfully submitted,

By: */s/ Brian Wilson*
Brian Wilson
Shneur Nathan
Avi T. Kamionski
Jami Galbraith
Natalie Adeeyo
Kimberly Mann
Nathan & Kamionski LLP
206 S. Jefferson St.
Chicago, IL 60661
(312) 957-6649
bwilson@nklawllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, I served a copy of the foregoing document upon all parties of record, ***via electronic mail*** on:

Joseph M. Marrone
jmarrone@marronelaw.com

Michael D. Pomerantz
mpomerantz@marronelaw.com

Keir Bradford-Grey
kbgrey@marronelaw.com

Peggy B. Greenfeld
pgreenfeld@marronelaw.com

Emily B. Barkann
ebarkann@marronelaw.com

*/s/ Jami L. Galbraith*
Jami L. Galbraith