**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES KELLY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-6701** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*** | : | |

# ORDER

**AND NOW**, this 21st day of September 2026, upon consideration of plaintiff's discovery motion (**DI 171**), plaintiff's supplemental memorandum thereto (**DI 173**), defendants' response (**DI 174**), and plaintiff's reply (**DI 175)**, it is **ORDERED** that plaintiff's motion (**DI 171**) is **DENIED WITHOUT PREJUDICE** for the reasons that follow:

1. The August 13, 2026 Order (DI 168) expressly permits discovery concerning the claims raised by Ms. Williams. Plaintiff has not established why the discovery he seeks falls outside the scope of that order or otherwise requires further authorization from this Court. To the extent plaintiff's motion seeks production of documents or depositions concerning defense counsel's interactions with Ms. Williams, such relief is premature absent specific discovery requests, an opportunity for Defendants to respond and assert any appropriate objections, and a good-faith effort by the parties to resolve any resulting disputes. Plaintiff's supplemental submission (DI 173) and other allegations concerning potential witness credibility do not establish that the requested discovery requires further authorization from this Court or that judicial intervention is presently warranted.

2. Accordingly, plaintiff may pursue discovery consistent with our August 13, 2026 Order (DI 168) and the Federal Rules of Civil Procedure and may seek further relief, if ever, upon identifying a concrete discovery dispute that the parties are unable to resolve.

/s/John F. Murphy, U.S.D.J.

**MURPHY, J.**